**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **LINFO IP, LLC**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SHOP LC GLOBAL, INC.,**<br><br>**Defendant.** | **Civil Action No. 6:23-cv-00442-ADA**<br><br>**JURY TRIAL DEMANDED** |

## ANSWER BY DEFENDANT SHOP LC GLOBAL, INC.

Defendant Shop LC Global, Inc. ("Shop LC") answers Plaintiff Linfo IP, LLC's ("Linfo" or "Plaintiff") Complaint for Patent Infringement ("Complaint") as follows:

## THE PARTIES

1. Shop LC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2. Shop LC admits that Shop LC Global, Inc. is a company organized and existing under the laws of the State of Texas. Shop LC admits that it maintains offices located at 100 Michael Angelo Way, Suite 400D, Austin, Texas 78728. Shop LC admits that CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201, is Shop LC's registered agent in Texas. Shop LC denies the remaining allegations in paragraph 2.

## JURISDICTION AND VENUE

3. Shop LC admits that the Complaint contains claims of patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code. Shop LC admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. For the purposes of this action, Shop LC admits that this Court has personal jurisdiction over Shop LC. Shop LC denies the remaining allegations in paragraph 4.

5. Shop LC denies that venue is proper in this District.

## INFRINGEMENT

6. Shop LC admits that a copy of what appears to be U.S. Patent No. 9,092,428 ("Asserted Patent") is attached to the Complaint and that the face of the document states "System, Methods and User Interface for Discovering and Presenting Information in Text Content." Shop LC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6, and therefore denies them.

7. Shop LC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies them.

8. Shop LC denies the allegations of paragraph 8.

9. Shop LC denies the allegations of paragraph 9.

10. Shop LC denies the allegations of paragraph 10.

11. Shop LC denies the allegations of paragraph 11.

12. Shop LC denies the allegations of paragraph 12.

## JURY DEMAND

No response to Plaintiff's demand of trial by jury is necessary.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiff to which no response is required. Shop LC denies that Plaintiff is entitled to any relief and specifically denies all the allegations and prayers for relief contained in Plaintiff's prayer for relief.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as specifically admitted herein, Shop LC denies any remaining allegations in Plaintiff's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, Shop LC alleges and asserts the following defenses in response to the allegations, without admitting or acknowledging that Shop LC bears the burden of proof as to any of them or that any must be pleaded as defenses. Shop LC specifically reserves all rights to allege additional defenses that become known through the course of discovery.

**FIRST AFFIRMATIVE DEFENSE**

**(No Infringement)**

Shop LC does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale, or imported into the United States any products or methods that infringe any valid claim of the Asserted Patent, either directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and has not induced others to infringe, or otherwise indirectly infringed, any valid claim of the Asserted Patent.

**SECOND AFFIRMATIVE DEFENSE**

**(Invalidity)**

One or more claims of the Asserted Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112. For example, each claim is invalid as claiming concepts already known to the public at the time of the alleged invention. As another example, the claims are not eligible for patent because they are directed to ineligible subject matter. Prior art that invalidates the asserted claims will be set forth in Shop LC's invalidity contentions, amendments, and proposed amendments thereto.

**THIRD AFFIRMATIVE DEFENSE**

**(Statutory Limitations on Damages)**

Any claim by Plaintiff for damages is limited by 35 U.S.C. §§ 286 and/or 287. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, Acquiescence, Unclean Hands, and Implied License)**

On information and belief, Plaintiff's claims for relief are barred in whole or in part by waiver, estoppel, acquiescence, unclean hands, and/or implied license.

**FIFTH AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel)**

Plaintiff is estopped, based on statements, representations, and admissions made during

prosecution of the patent applications that led to the Asserted Patent, from asserting that the claims of the Asserted Patent are infringed by Shop LC or the accused products or services, either directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Attorneys' Fees)**

Plaintiff cannot show that it is entitled to attorneys' fees or other relief pursuant to 35 U.S.C. § 285.

**SEVENTH AFFIRMATIVE DEFENSE**

**(License and Exhaustion)**

Plaintiff's claims of patent infringement are barred to the extent the alleged infringement is licensed, either expressly or impliedly, or otherwise authorized. Plaintiff's claims of patent infringement are also barred to the extent that Plaintiff has exhausted its rights and remedies as to the alleged infringement.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Improper Venue)**

Shop LC denies that venue is proper under 28 U.S.C. § 1400(b) and further denies that venue is convenient or in the interest of justice under 28 U.S.C. § 1404(a).

**NINTH AFFIRMATIVE DEFENSE**

**(No Injunctive Relief)**

Plaintiff cannot prove that it is entitled to injunctive relief because there exists an adequate remedy at law and Plaintiff's claims otherwise fail to meet the requirements of such relief.

**TENTH AFFIRMATIVE DEFENSE**

**(No Pre-Suit Willful or Indirect Infringement)**

Plaintiff has failed to state a claim on which relief can be granted in particular with respect to, but without limitation to, any allegations of pre-suit willful infringement and pre-suit indirect infringement. Shop LC is not liable to Plaintiff for willful or indirect infringement for

the acts alleged to have been performed before Shop LC knew of the asserted patents.

## RESERVATION OF DEFENSES

In filing these defenses, Shop LC has not knowingly or intentionally waived any applicable defenses. Shop LC reserves the right to assert and rely upon any other applicable defenses that may become available or apparent during the course of this action. Shop LC reserves the right to amend or to seek to amend its answer or affirmative defenses.

## SHOP LC'S COUNTERCLAIMS FOR DECLARATORY RELIEF

Shop LC restates and incorporates by reference the entirety of the foregoing paragraphs, as if fully set forth herein. For its counterclaims against Linfo, Shop LC alleges as follows:

## NATURE OF ACTION

1. These counterclaims seek declaratory judgment with respect to the patent asserted by Linfo against Shop LC. Shop LC seeks judgment under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

## PARTIES

2. Counterclaim Plaintiff Shop LC Global, Inc. is a company established under the laws of the State of Texas, with its principal place of business located in Texas.

3. Upon information and belief based solely on paragraph 1 of the Complaint, Counterclaim Defendant Linfo IP, LLC is a Texas limited liability corporation with its principal place of business located in Travis County, Texas.

## JURISDICTION AND VENUE

4. This Court has subject matter over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. Linfo has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. By virtue of its filing this action, Linfo has also consented that venue is permissible in this District, though not convenient for Shop LC, pursuant to at least 28 U.S.C. §§ 1391 and 1400.

**COUNTERCLAIM I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PAT. NO. 9,092,428**

7. Shop LC restates and incorporates by reference the entirety of the foregoing paragraphs, as if fully set forth herein.

8. Based on Linfo's filing of this action and at least Shop LC's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Shop LC infringes the Asserted Patent.

9. Shop LC has not and is not now infringing any claim of the Asserted Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

10. Pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 *et seq*., Shop LC requests a declaration by the Court that Shop LC has not infringed and does not infringe any valid and enforceable claim of the Asserted Patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement. Shop LC does not have an adequate remedy at law.

**COUNTERCLAIM II: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO. 9,092,428**

11. Shop LC restates and incorporates by reference the entirety of the foregoing paragraphs, as if fully set forth herein.

12. Based on Linfo's filing of this action and at least Shop LC's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the Asserted Patent.

13. The claims of the Asserted Patent are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq*., including §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and Title 35 of the United States Code, Shop LC requests a declaration by the Court that the claims

of Asserted Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 *et seq*., including, without limitation, §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto. Shop LC does not have an adequate remedy at law.

## EXCEPTIONAL CASE

15. For the reasons set forth in Shop LC's Defenses and Counterclaims, this is an exceptional case entitling Shop LC to an award of attorney fees pursuant to 35 U.S.C. § 285.

## JURY DEMAND

Shop LC demands a trial by jury of all issues so triable raised by Linfo's Complaint or Shop LC's Answer and Counterclaims.

## REQUEST FOR RELIEF

WHEREFORE, Shop LC respectfully requests that this Court enter judgment in Shop LC's favor against Plaintiff and issue an order that includes:

A. Dismissal of the Complaint in its entirety with prejudice;

B. Denial of any of the relief prayed for in the Complaint;

C. A declaration that the Asserted Patent has never been, and is not now, infringed by Shop LC directly or indirectly, or by any other person using Shop LC products or services in this judicial district or anywhere in the United States;

D. A declaration that the claims of the Asserted Patent are invalid and unenforceable;

E. A declaration that no damages or royalties are due or owing for any of the acts alleged by Plaintiff in its Complaint against Shop LC;

F. Denial of Plaintiff's request for injunctive relief.

G. Plaintiff be barred from enforcing or attempting to enforce patent rights as against Shop LC; and

H. Shop LC be awarded its costs (including expert fees), disbursements, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and/or 18 U.S.C. § 1927 as against Plaintiff, and such other and further relief as the Court may deem just and proper.

Dated: August 22, 2023

Respectfully submitted,

*/s/ Melissa R. Smith*

David Yang (pro hac vice forthcoming)
dyang@hycounsel.com
Matthew J. Hawkinson (pro hac vice forthcoming)
mhawkinson@hycounsel.com
Kevin Goldman (pro hac vice forthcoming)
kgoldman@hycounsel.com
HAWKINSON YANG LLP
8033 Sunset Blvd. #3300
Los Angeles, California 90046
Telephone: (312) 634-0370

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM AND SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
(903)934-8450
Fax: (903)934-9257

**COUNSEL FOR DEFENDANT**
**SHOP LC GLOBAL, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on this the 22nd day of August, 2023 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Melissa R. Smith*
Melissa R. Smith